IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE CINCINNATI SPECIALTY UNDERWRITERS
INSURANCE COMPANY,

        Plaintiff,

v.                                                                                      Case No.  25-2086-JWB

PRIEST ENTERTAINMENT, INC., REED GODINET
and TERRY PRIEST,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motions to dismiss or, alternatively, stay the action. (Docs. 14, 21.) The motions have been fully briefed and are ripe for decision. (Docs. 16, 22, 26.) The motions are DENIED for the reasons stated herein.

**I.     Facts and Procedural History**

On December 8, 2022, Defendant Reed Godinet filed an action in Riley County, Kansas (the "state court action") against Defendants Priest Entertainment, Inc. and Terry Priest (collectively the "Priest Defendants"). (Doc. 1-1.) The state court action also included Joshua Cummings and GJL Real Estate Limited Partnership ("GJL") as named defendants. The underlying action stemmed from a shooting at a bar called Tate's on Moro that is owned by the Priest Defendants. GJL owns the building in which Tate's on Moro is located. Cummings was the alleged shooter who fired shots inside of the bar striking Godinet who suffered serious injuries in the shooting. Cummings is currently incarcerated in El Dorado Correctional Facility serving a sentence for a conviction of attempted second degree murder. Plaintiff Cincinnati Specialty

1

Underwriters Insurance Company provided a general liability insurance policy to the Priest Defendants.

The state court complaint against the Priest Defendants includes claims of negligence and negligence per se. The negligence claims include allegations that the Priest Defendants had actual and/or constructive notice that the dance stage in the bar was a dangerous condition, they failed to exercise reasonable care to maintain the premises in a reasonably safe condition, they failed to warn patrons, and they failed to remedy the dangerous condition. The complaint also includes claims of negligent security, negligent hiring, training, supervision, and retention of its employees. The negligence per se claim alleges that the Priest Defendants operated in excess of the maximum approved capacity in violation of a city ordinance. Further, both the rail on the stage and the stage itself constituted an impermissible obstruction in violation of a city ordinance. (Doc. 1-1 at 8–9.) The state court action also included claims of assault and battery against Cummings and negligence claims against GJL. Cummings and GJL, however, were dismissed from the state court action with prejudice on April 29, 2025.[1] *Godinet v. Priest Entertainment, et al.*, No. RL-2022-CV-224.

On February 19, 2025, Plaintiff brought this declaratory action against Godinet and the Priest Defendants asking the court to declare its rights and obligations under the policy. The Priest Defendants' insurance policy generally provides a $1,000,000 limit per occurrence. However, the policy includes an assault and battery coverage limitation of $100,000. This provision applies to bodily injury, property damage, and "personal and advertising injury" claims arising out of an actual or threatened assault or battery. (Doc. 1 at 7.) The provision limits coverage to claims involving the "failure to provide an environment safe from assault or battery, including but not limited to the to the failure to provide adequate security, or failure to warn of the dangers of the

---

[1] The court takes judicial notice of the state court records which are publicly available online.

environment that could contribute to assault or battery." *Id.* Further, that provision states that the policy limit of $100,000 is the most Plaintiff "will pay for the sum of all damages, including 'defense costs.'" (*Id.* at 9.) Plaintiff asks the court to declare that the exclusion applies to Godinet's claims against the Priest Defendants, that those claims are subject to a $100,000 per occurrence reducing limit, and that the $100,000 per occurrence limit is reduced by the amount of defense cost expended by Plaintiff. (*Id.* at 11.)

Defendants now move to dismiss or, alternatively, stay Plaintiff's declaratory judgment action. The state court action is currently in discovery and a pretrial conference is scheduled for November 2025. Defendants assert that trial is likely in Spring 2026. Defendants argue that the assault and battery exclusion does not apply to Godinet's claims of negligence regarding the failure to maintain the premises in a reasonably safe condition by constructing an elevated platform, blocking an emergency exit, and overcrowding. Defendants seek dismissal on the basis that the resolution of fact issues in the state court action are necessary to the resolution of coverage. Plaintiff opposes Defendants' motions and argues that the court should resolve the questions presented in this action and can do so without having to make factual determinations.

**II.     Standard**

This action is brought under the Federal Declaratory Judgment Act which provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

In *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), the Supreme Court explained that district courts are "under no compulsion to exercise . . . jurisdiction" under the Act. 316 U.S. at 494. The Supreme Court explained:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

316 U.S. at 495. The district court should examine whether the lawsuit "can be better settled in the proceeding pending in the state court." *Id.*

The Tenth Circuit has adopted a five-factor test, referred to as the *Mhoon* test, for evaluating whether this court should exercise its discretionary jurisdiction over a declaratory judgment action:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (quoting *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)). The Tenth Circuit has advised that a federal court is not required to refuse jurisdiction, but it "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *Id.* at 1170 (citation omitted).

**III. Analysis**

Turning to the *Mhoon* factors for this case, the first factor considers whether this action would settle the controversy. Defendant Godinet argues that this factor supports dismissal because

4

the liability questions have not been resolved in the state court case and that it could be ultimately resolved after the state court action is concluded. (Doc. 14 at 8–9.) While this action would not resolve the ultimate questions regarding liability on the state court claims, it would settle the dispute regarding the coverage of the claims. Therefore, this factor weighs slightly in favor of denying the motion. *See Nationwide Affinity Ins. Co. of Am. v. Kalb*, No. 22-1103-DDC-KGG, 2022 WL 17735542, at *5 (D. Kan. Dec. 16, 2022).

Next, the court is to determine whether this action would serve a useful purpose in clarifying the legal relations at issue. Defendant Godinet argues that this factor weighs in favor of dismissal because it would only be useful for Plaintiff and it would harm the remaining parties since it could result in Plaintiff abandoning the defense if the question regarding coverage was decided in Plaintiff's favor. Defendant's arguments are not persuasive. "Declaratory judgment actions are appropriate to clarify legal relations before final adjudication of an underlying action because an insurer has a duty to defend, conduct settlement negotiations, and pay any judgment or settlement amount entered against its insured." *Nat'l Cas. Co. v. Thomas & Sons Trucking, L.L.C.*, No. 14-4023-CM, 2015 WL 265519, at *2 (D. Kan. Jan. 21, 2015). Further, it is uncontroverted that the issue regarding coverage will not be resolved in the state court action. Rather, Plaintiff would have to file a separate action to resolve that dispute. Therefore, this factor weighs in favor of exercising jurisdiction.

Third, the court considers whether the declaratory judgment is being used for procedural fencing or to provide an arena for a race to res judicata. Defendants do not assert that Plaintiff is using this action for procedural fencing or for a race to rec judicata. The court finds that this factor is neutral.

The fourth *Mhoon* factor directs the court to consider whether exercising jurisdiction in this matter would cause unnecessary entanglement and friction between the state and federal courts. *Runyon*, 53 F.3d at 1169. This action involves factual issues that are also before the state court. The issue to be decided in this declaratory judgment action is whether the assault and battery coverage limitation applies to the negligence and negligence per se claims regarding the failure to maintain the premises in a reasonably safe condition by constructing an elevated platform, blocking an emergency exit, and overcrowding. Defendants do not dispute that the assault and battery coverage limitation applies to the state court claims alleging negligent security and negligent employment. (Doc. 14 at 4–5.) Defendants instead argue that resolution of the declaratory judgment action is dependent on facts that will be developed in the state action. Conversely, Plaintiff argues that the court can interpret the provisions as a matter of law without having to resolve any factual disputes.

The exclusion in the policy is broadly worded to apply to anything "arising out of" an assault or battery. While Defendants argue that the court must resolve facts that will be developed in the state court action in order to resolve the coverage question, the facts alleged in the state court petition do not allege harms to Godinet that are separate and apart from the shooting. Based on the allegations, the court can make a determination as to whether the coverage exclusion applies without resolving factual disputes or intruding on the state court's fact finding. Therefore, the court finds that a determination of the issue in this case would not encroach upon state court jurisdiction nor cause friction between federal and state courts. Thus, this factor weighs in favor of jurisdiction.

Finally, the court must consider whether there is a better or more efficient alternative remedy. Defendant Godinet asserts that Plaintiff has an alternative remedy of presenting this issue

to the state court after a trial on the merits. In response, Plaintiff argues that it should not have to wait until after trial to present this issue to the state court. Further, it is clear that this issue has not been presented to the state court and declaratory actions are appropriate for actions determining coverage under a policy. *Nat'l Cas. Co.*, 2015 WL 265519, at *3. This factor weighs in favor of jurisdiction.

The court finds that the balance of the *Mhoon* factors weigh in favor of this court retaining jurisdiction over this matter and resolving the coverage dispute issue.

**IV.     Conclusion**

Defendants' motions to dismiss or, alternatively, stay the action (Docs. 14, 21) are DENIED. The parties are to propose a briefing schedule to the magistrate judge for summary judgment motion(s).

IT IS SO ORDERED. Dated this 21st day of October, 2025.

                                                     __s/ John W. Broomes_____
                                                     JOHN W. BROOMES
                                                     CHIEF UNITED STATES DISTRICT JUDGE